## Lux v. Gerald E. Ort Trucking Inc.

C.P. of Clearfield County no. 01-466-C.D.

*Jeffrey R. Owen,* for plaintiff.
*Michael F. Nerone,* for defendnt Knight.
*Edward A. Yurcon,* for defendant Roberts.
*Robert A. Seiferth,* for defendant Parker.
*John R. Benty,* for defendant PennDOT.
*Nancy L. Heilman,* for defendant Simon Trucking.

REILLY, *P.J.,* August 21, 2001—In the early morning hours of October 24, 2000, two collisions occurred on Interstate 80 between DuBois and Clearfield, Pennsylvania. Both collisions were caused in whole or in part by

the fact that a driver of a tractor-trailer truck was asleep at the wheel.

The first accident occurred when a vehicle driven by defendant Eddie C. Roberts drove at a high rate of speed into another truck traveling in front of him on the highway. The second occurred when a truck driven by defendant Samuel Thomas Knight collided with a rescue squad truck positioned on the highway with its warning lights flashing and an illumination boom brightly lighting the scene of the cleanup of the first accident. During the second collision, three volunteer firemen who were passengers in the rescue squad truck were severely injured, including the plaintiff, James U. Lux, who was permanently paralyzed from the waist down. Currently, defendants Roberts and his employer trucking company, R & F Miller Inc., seek to dismiss the claims of plaintiff against them by preliminary objections in the nature of a demurrer.

This court must now determine whether the negligent conduct of defendants Roberts and Miller, in falling asleep at the wheel and causing the initial collision was a substantial factor in bringing about the severe injuries suffered by the plaintiff or is reserved to the jury and not an appropriate issue for preliminary objections in the nature of a demurrer or in essence, summary judgment.

As conceded by defendants in their brief: In reviewing preliminary objections, the court must accept as true all material facts set forth in the plaintiff's complaint, and all reasonable inferences deducible from those facts. All doubts as to whether a claim can go forward must be resolved in the favor of the pleader. *Field v. Philadel-*

*phia Electric Company,* 388 Pa. Super. 400, 565 A.2d 1170 (1989).

Moreover, it is well established that summary judgment should only be granted in a clear case, and the moving party bears the burden of demonstrating that no material issue remains. *Salerno v. LaBarr,* 159 Pa. Commw. 99, 102, 632 A.2d 1002, 1004 (1993). In other words:

"The threshold a plaintiff must meet to satisfy pleading requirements is exceedingly low; a court may dismiss a complaint only if the plaintiff can prove no set of facts that would entitle the plaintiff to relief." *Velleca v. Jones,* 2000 WL 1470214 at p.1 (E.D. Pa. 2000), citing *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

In addition, Pennsylvania law clearly establishes that in circumstances such as those presented in the case at bar, summary judgment will not be granted. Contrary to the theory asserted in the defendants' brief, it is clear that under Pennsylvania law, summary judgment will not be granted to dismiss a claim against a negligent actor causing an initial collision, brought by a plaintiff injured in a subsequent collision occurring at the scene of the initial accident.

In *Taylor v. Jackson,* 164 Pa. Commw. 482, 643 A.2d 771 (1994), the Commonwealth court, in an opinion rendered in the year following *Bell v. Irace,* 422 Pa. Super. 298, 619 A.2d 365 (1993) determined that summary judgment was inappropriate in such two collision scenarios, reversing the decision of the lower court.

In *Taylor,* a tractor-trailer jackknifed at 6:15 p.m. while traveling on Interstate 80 as it attempted to avoid a vehicle that had stopped in the road. Traffic immediately began backing up behind the jackknifed vehicle, which blocked both lanes of the highway. *Taylor,* 164 Pa. Commw. at 488, 643 A.2d at 774.

At 8:15 p.m. two hours after the initial accident, a delivery truck collided with other vehicles stopped approximately one-half mile from the second accident scene. It was this accident, which caused the serious injuries to plaintiff Taylor, who was a passenger in the vehicle struck by the delivery truck.

Although the *Taylor* trial court had granted summary judgment as to the claims against the defendants causing the initial two collisions, on appeal, the Commonwealth Court expressly rejected the identical arguments raised by the defendants herein, and determined that summary judgment was not appropriate.

In its decision, the *Taylor* court examines the concept of proximate cause, under the analysis of section 431 of the Restatement (Second) of Torts and reviews the issue raised by the defendants herein, namely, whether the actions of the first collision drivers were a "substantial factor in producing the injury." The court further cites section 433 of the Restatement (Second) of Torts, as establishing the method of determining whether the negligent conduct of the initial tort-feasor is a substantial factor in bringing about harm to another. Section 433 establishes the following considerations to be used in determining whether an actor's conduct is a substantial

factor in bringing about harm to another. These factors are:

"(a) The number of other factors which contribute in producing the harm and the extent of the effect, which they have in producing it;

"(b) Whether the actor's conduct has created a force or series of forces, which are in continuous and active operation up to the time of the harm, or has created a situation harmless unless acted upon by other forces for which the actor is not responsible; and

"(c) Lapse of time." Section 4.31 of the Restatement (Second) of Torts.

Applying the section 433 standard to the facts before it, the *Taylor* court reaches a conclusion that is in direct contravention to the position currently argued by the defendants in their brief, holding instead that the actions causing the first collision were indeed a substantial factor in causing the third collision.

In finding summary judgment to be inappropriate, the *Taylor* court specifically held that the passage of two hours between the first and the last accident did not provide a valid basis for summary judgment as the trial court had determined. Instead, the court cites comment (f) of the Restatement, which states that "where it is evident that the influence of the actor's negligence is still a substantial factor, mere lapse of time, no matter how long it is, is not sufficient to prevent it from being the legal cause of the other harm." *Taylor,* 164 Pa. Commw. at 492, 643 A.2d at 776, citing the Restatement (Second) of Torts, section 433(c).

As to whether a jury could reasonably determine that the negligent actions of defendant Roberts in falling asleep at the wheel and causing the first collision is a foreseeable cause and substantial factor in the harm suffered by the plaintiff, one need only to refer to the decision rendered by the court in *Herman v. Welland Chemical Inc.,* 580 F. Supp. 823 (M.D. Pa. 1984) by the United States District Court for the Middle District of Pennsylvania. In *Herman,* applying Pennsylvania law in a fact situation similar to the present, a volunteer fireman was struck while directing traffic at an accident scene also located in Pennsylvania on Interstate 80. In finding that the presence of a firefighter at the scene was a foreseeable consequence to the first collision, the *Herman* court stated:

"To the extent that [defendant] argues that these plaintiffs may not recover on the ground that they were not, as a matter of law, within the foreseeable zone of harm, the court rejects this contention by looking to Justice Cardozzo's comments in another case:

"Danger invites rescue. The cry of distress in the summons to relief. The law does not ignore these reactions in the mind in tracing conduct to its consequences. It recognizes them as normal. It places their effects within the range of the natural and probable. The wrong that imperils life is a wrong to the imperiled victim; it is a wrong also to his rescuer. *Wagner v. International R. Co.,* 232 N.Y. 176, 180, 133 N.E. 437 (1921).

"Cardozzo, then, believed that rescuers always should be regarded as foreseeable plaintiffs. Prosser, *Handbook*

*of The Law of Torts,* section 43 at 258-59 (4th ed. 1971)." *Herman,* 580 F. Supp. at 826.

Moreover, Pennsylvania law clearly establishes that a jury is to determine the question of whether a sleeping driver causing an initial accident scene is responsible for the injuries sustained by one summoned to aid in response to the accident, even in cases where the foreseeability of the second incident "is in doubt." *Valleca v. Jones,* 2000 WL 1470214 (E.D. Pa. 2000), other citations unavailable.

In *Valleca,* the court reserved for the jury the determination of whether a sleeping driver who caused an initial collision was responsible for injuries sustained by a tow truck operator when a vehicle involved in the accident suddenly buckled and collapsed, striking his head. The *Velleca* court cites the *Taylor* decision as the rational basis for its decision, applying the substantial factor test of the Restatement (Second) of Torts, section 433. *Velleca,* 2000 WL 1470214 at 1-2.

It is also clear that the second collision in the instant case was not caused by an extraordinary event, as the defendants argue, but is rather a foreseeable event.

It is clear that both collisions were caused, in whole or in part, by sleeping drivers and the foreseeability of such events is a determination for the jury to make in these proceedings. Defendants' arguments certainly fall far short of the requirement that any and all doubts as to whether a claim can go forward must be resolved in favor of the pleader and that summary judgment should only be granted in a clear case with the moving party

bearing the burden of demonstrating that no material issue remains.

Therefore, this court enters the following:

## ORDER

Now, August 21, 2001, it is the order of this court that all defendants' preliminary objections are hereby dismissed.