**Lux v. Gerald E. Ort Trucking Inc.**

C.P. of Clearfield County, no. 01-466-C.D.

*Jeffrey R. Owen,* for plaintiff.
*Robert A. Seiferth,* for defendants.

REILLY, *P.J.,* January 4, 2002—In the early morning hours of October 24, 2000, two collisions occurred on Interstate 80 between DuBois and Clearfield, Pennsylvania. Both collisions were caused in whole or in part by the fact that a driver of a tractor-trailer truck was asleep at the wheel.

In the first accident, a tractor-trailer operated by defendant Jamie Harvey Parker was rear-ended by a tractor-trailer driven by defendant Eddie C. Roberts. The second accident occurred when a truck driven by defendant Samuel Thomas Knight collided with a rescue squad truck positioned on the highway with its warning lights

flashing and an illumination boom brightly lighting the scene of the cleanup of the first accident. During the second collision, three volunteer firemen who were passengers in the rescue squad truck were severely injured, including the plaintiff, James U. Lux, who was permanently paralyzed from the waist down.

Defendant Parker filed preliminary objections to plaintiff's complaint, which this court granted by its opinion and order dated October 1, 2001, in which the court found that plaintiff's allegations against defendant Parker with respect to the first accident were insufficient to maintain an action of negligence against defendant Parker. Plaintiff filed a motion requesting that this court reconsider said order. Defendants Gerald E. Ort Trucking Inc., Ort Trucking Inc. and Samuel Thomas Knight subsequently joined in plaintiff's motion to reconsider. Upon a review of the motions and briefs filed by the parties hereto, the court finds that its order granting defendant Parker's preliminary objections in the nature of a demurrer was appropriate.

Plaintiff argues in support of its motion to reconsider that the court did not address the fact that driving too slowly is prohibited by law pursuant to 75 Pa.C.S. §3364(a).[1] Plaintiff states that such negligent operation of a vehicle (a) at a "dangerously slow speed," while (b) "failing to display and utilize proper safety warning apparatus on his vehicle," created "the foreseeable risk of

---

1. Impeding movement of traffic prohibited.—Except when reduced speed is necessary for safe operation or in compliance with law, no person shall drive a motor vehicle at such a slow speed as to impede the normal and reasonable movement of traffic. 75 Pa.C.S. §3364(a) (Purdon 2001).

being struck from behind." Accordingly, plaintiff alleges that the determination of the effect of this negligent conduct should be left to the jury.

Pennsylvania law provides that the breach of a statutory duty does not in and of itself establish a cause of action in negligence, absent proof of causation and injury. *Vernon v. Stash,* 376 Pa. Super. 36, 46, 532 A.2d 441, 446 (1987). To establish causation, the plaintiff must prove that the breach was "both the proximate and actual cause of the injury." *Reilly v. Tiergarten Inc.,* 430 Pa. Super. 10, 15, 633 A.2d 208, 210 (1993), citing *McDonald v. Marriott Corp.,* 388 Pa. Super. 121, 125, 564 A.2d 1296, 1298 (1989). Proximate cause is a question of law to be determined by the court before the issue of actual cause may be put to the jury. *Id.*

Pennsylvania courts look to section 431 of the Restatement (Second) of Torts which sets forth the standard for proximate cause as follows: "The actor's negligent conduct is a legal cause of harm to another if (a) his conduct is a substantial factor in bringing about the harm . . . ." *Taylor v. Jackson,* 164 Pa. Commw. 482, 491, 643 A.2d 771, 775 (1994), quoting Restatement (Second) of Torts §431(1965). Section 433 of the Restatement sets forth the following considerations to be taken into account in determining whether an actor's conduct is a substantial factor in bringing about harm to another:

"(a) The number of other factors which contribute in producing the harm and the extent of the effect, which they have in producing it;

"(b) Whether the actor's conduct has created a force or series of forces, which are in continuous and active operation up to the time of the harm, or has created

"(c) a situation harmless unless acted upon by other forces for which the actor is not responsible; and

"(d) Lapse of time."

The court finds that while defendant Parker's operation of the vehicle may have breached a statutory duty, it was not a "substantial factor" in causing harm to the plaintiff. In and of itself, defendant Parker's operation of his vehicle at a slow speed and without flashers was harmless, but for the negligence of defendant Roberts in colliding with defendant Parker's vehicle. Accordingly, this court affirms its determination that defendant Parker's alleged negligence was not a substantial factor in causing plaintiff's injuries and finds that plaintiff's allegations of negligence are not sufficient to maintain a cause of action against defendant Parker with respect to the first accident.

Next, plaintiff argues that the court did not deal with the allegations against defendant Parker relating to his fleeing the scene of the accident following the collision, which "constitute additional and independent grounds for liability based upon his intentional or negligent conduct." Plaintiff asserts that in fleeing the scene, that defendant Parker "spread the debris field across a greater area" which caused "the foreseeable consequence of requiring emergency response personnel to be at the accident site for a greater period of time . . . and to be required to secure an area greater than would have been necessary had defendant Parker remained at the scene, thus placing the plaintiff in the zone of danger created by the activities of defendant Parker at the time of the second collision." Citing the case *Taylor v. Jackson,* 164

Pa. Commw. 482, 643 A.2d 771 (1994), plaintiff states that diverting the services of safety personnel has been recognized as a potential substantial factor to be examined by the trier of fact. In *Taylor,* the plaintiffs alleged that a second collision at a multiple accident scene resulted in the diversion of police officers to that scene, preventing such officers from responding to other aspects of the accident, and thus causing the third accident. The defendant driver in the second collision had rear-ended another car causing such collision. The Commonwealth Court overruled the trial court's finding that the second driver's conduct was not a substantial factor in causing the third accident, and reversed its entry of summary judgment. The Commonwealth Court found that "[a]lthough attenuated, we believe that this argument under the particular facts of the instant matter creates a jury question." *Id.* at 494, 643 A.2d at 776.

Unlike the court in *Taylor,* this court finds that the particular facts of this case do not create a jury question. In contrast to *Taylor,* defendant Parker did not cause the initial collision. Rather it was the negligent conduct of defendant Roberts, in falling asleep at the wheel, which caused the collision that diverted the emergency personnel in this case. Again, this court finds that defendant Parker's alleged breach of a statutory duty was not a substantial factor in bringing emergency personnel to the scene and exposing them to harm. Accordingly, the court affirms its determination that plaintiff's claim as to negligence on the part of defendant Parker is legally insufficient, and that defendant Parker's preliminary objections should be granted. Accordingly, the motion to reconsider

as filed by plaintiff, and as joined in by defendants Gerald E. Ort Trucking Inc., Ort Trucking Inc. and Samuel Thomas Knight, is hereby dismissed.

Wherefore, this court enters the following:

## ORDER

Now, January 4, 2002, it is the order of this court that plaintiff's motion to reconsider, as joined in by defendants Gerald E. Ort Trucking Inc., Ort Trucking Inc. and Samuel Thomas Knight, is hereby dismissed.