# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Judith G. Samer, Executrix of the :
Estate of William R. Samer, Deceased :
      Appellant :
        :
        :
    v.    :
        :
Frank Dashner, IV, City of Bethlehem :
Service Electric Cable TV, Inc. :
and Altronics, Inc. :
        :
Judith G. Samer, Executrix of the :
Estate of William R. Samer, Deceased :
      Appellant :
        :
    v.    : No. 1319 C.D. 2015
        : Argued:  February 8, 2016
ABE Alarm Service and Mark D. :
Withers, Individually, t/a and d/b/a :
ABE Alarm Service :

BEFORE: HONORABLE ROBERT SIMPSON, Judge
     HONORABLE P. KEVIN BROBSON, Judge
     HONORABLE MICHAEL H. WOJCIK, Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**     **FILED:  March 3, 2016**

Judith G. Samer (Samer), Executrix of the Estate of Willian R. Samer (Decedent), appeals from an order of the Court of Common Pleas of Northampton County (trial court), granting summary judgment in favor of ABE Alarm Service (ABE) and Mark Withers (Withers).  For the reasons discussed below, we affirm.

On October 24, 2008, Withers was in his office at ABE,[1] testing a smoke detector for a client. This smoke detector was connected to a clone of the fire alarm panel at Service Electric Cable TV, Inc. (Service Electric), another client of ABE. Withers did not have permission to clone or use a clone of the Service Electric panel. Because the cloned panel was plugged into an active phone line rather than the test line, Withers' test of the smoke detector triggered a fire alarm at Service Electric.

In response to the fire alarm, the City of Bethlehem Fire Department dispatched a firetruck operated by Frank Dashner, IV (Dashner). While en route to Service Electric, Dashner came upon a traffic backlog near a stoplight in the northbound lanes of 8th Avenue. In order to avoid the stopped traffic, Dashner crossed the median divide and began driving the wrong direction in the southbound lanes of 8th Avenue. When the firetruck crossed the median, the drivers in the southbound lanes moved over into the right lane to allow the firetruck to pass in the left lane.

At the same time, Decedent was traveling southbound on 8th Avenue. He was traveling in the left lane and, like others, moved over into the right lane when the firetruck crossed the median. Decedent, however, then pulled back out into the left lane and sped down the left lane in an effort to pass the traffic in the right lane. As he was attempting to merge back into the right lane, Decedent lost control of his vehicle and collided with the firetruck. As a result of the collision, Decedent sustained serious injuries and died on November 1, 2008.

---

[1] Withers owns and operates ABE.

Samer filed two actions arising from the crash: one in which she named Dashner, the City of Bethlehem (the City), Service Electric, and Altronics, Inc.,[2] as defendants, and one against ABE and Withers. The trial court issued an order consolidating the two actions under Pennsylvania Rule of Civil Procedure No. 213(a).[3] Following discovery, all defendants filed motions for summary judgment. On March 28, 2014, the trial court issued an order granting summary judgment in favor of ABE, Withers, and Service Electric. The trial court granted summary judgment for Service Electric on the basis that ABE and Withers were independent contractors for Service Electric and that Service Electric, therefore, was not responsible for their actions. As to ABE and Withers, the trial court concluded that they were not the proximate cause of Decedent's death and Samer's injury:

> It is clear that ABE and Withers were a but-for cause in bringing about [Samer's] injuries. However, ABE Alarm and Withers must be a factual cause *and* a proximate cause to be held liable. ABE Alarm and Withers were not a substantial factor in bringing about the harm to [Samer] as the harm to Decedent would not have been foreseen by an ordinary person as the natural and probable outcome of [setting off the false fire alarm]. While it is foreseeable that setting off a false alarm will cause the fire department to respond, it is not foreseeable that while the fire department is responding, the fire truck

---

[2] Altronics, Inc. was dismissed from the case by stipulation.

[3] Pa. R. C. P. No. 213(a) provides:

In actions pending in a county which involve a common question of law or fact or which arise from the same transaction or occurrence, the court on its own motion or on the motion of any party may order a joint hearing or trial of any matter in issue in the actions, may order the actions consolidated, and may make orders that avoid unnecessary cost or delay.

will be in an accident and cause the death of another motorist. The actions of the fire truck driver were another factor which contributed to producing the harm. Withers did not create a force or series of forces which were in continuous and active operation up to the time of the harm. A reasonable person can foresee that a fire truck will respond to a fire alarm. However, it is unlikely, and therefore not *reasonably* foreseeable, that an emergency vehicle will be in an accident causing harm to another motorist on the way to the emergency as a natural and probable outcome of setting off a fire alarm. . . . The causal chain of events resulting in Decedent's death is too remote and highly extraordinary and therefore, it cannot be said that ABE Alarm and Withers are a proximate cause in the Decedent's death. Holding ABE Alarm and Withers liable for the injuries to [Samer] would extend liability to anyone who accidentally set off a fire alarm in their home. This Court is unwilling to set such a drastic and far-reaching precedent. The un-foreseeability of this event is undeniably clear and thus, Withers and ABE Alarm cannot legally be held liable.

(Trial Ct. Op. at 9-10.) In the same order, the trial court denied both the City's and Dashner's motions for summary judgment.

Samer filed a motion for reconsideration and certification for an interlocutory appeal. On May 23, 2014, the trial court denied Samer's motion for reconsideration but granted her motion to certify. Samer filed a notice of appeal on June 4, 2014, which was docketed in this Court at No. 930 C.D. 2014. ABE and Withers filed a motion to quash, arguing that the summary judgment order was a final order under *Kincy v. Petro*, 2 A.3d 490 (Pa. 2010), because the two actions Samer filed were not completely consolidated, but instead remained separate actions, and Samer failed to appeal within 30 days. Alternatively, ABE and Withers argued that the summary judgment order was interlocutory and the trial court's order certifying it for appeal was untimely. On September 3, 2014, this

4

Court, in a single-judge opinion issued by Senior Judge Oler, granted the motion to quash on the basis that the appeal was taken from a non-final interlocutory order. This Court rejected ABE's and Withers' argument that under *Kincy* the two actions remained separate despite consolidation. This Court also found that the trial court's certification order was untimely. Because the summary judgment order was neither a final order nor properly certified for an interlocutory appeal, it was an interlocutory order from which an appeal could not be taken.

Following a trial in which the jury concluded that Dashner and the City were not negligent, Samer filed a notice of appeal.[4] Samer asserted that the trial court erred in granting summary judgment to ABE and Withers.[5] ABE and Withers filed a motion to quash, again arguing that the appeal was untimely because, under *Kincy*, the two actions filed by Samer remained separate actions despite their consolidation. This Court, in a single-judge opinion issued by Senior Judge Quigley, denied the motion to quash, holding that the issue had already been decided in Senior Judge Oler's opinion and that the law of the case doctrine and the coordinate jurisdiction rule precluded the Court from revisiting the issue.

In her brief to this Court, Samer argues that the trial court erred in granting summary judgment[6] to ABE and Withers, because their actions were the

---

[4] Samer filed the appeal in the Superior Court, and the Superior Court transferred the appeal to this Court *sua sponte*.

[5] Samer does not challenge the grant of summary judgment to Service Electric or the jury verdict in favor of the City and Dashner.

[6] Our scope of review of a trial court's grant of summary judgment is limited to determining whether the trial court erred as a matter of law or abused its discretion. *Taylor v. Jackson*, 643 A.2d 771, 774-75 (Pa. Cmwlth. 1994). Summary judgment should be granted only where there are no genuine issues of material fact and the moving party's right to relief is clear. **(Footnote continued on next page…)**

proximate cause of the accident. In response, ABE and Withers again assert that the appeal is untimely under *Kincy*, and that the law of case doctrine should not apply because Senior Judge Oler's decision was legally erroneous.[7] As to the merits, ABE and Withers argue that the trial court correctly granted summary judgment, because their actions were not the proximate cause of the accident.

We will first address ABE's and Withers' argument that this Court should address the merits of their timeliness argument, because Senior Judge Oler's decision was legally erroneous and the law of the case doctrine should not apply. The law of case doctrine "refers to a family of rules which embody the concept that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter." *Commonwealth v. Starr*, 664 A.2d 1326, 1331 (Pa. 1995). "The doctrine is designed to promote judicial economy, uniformity of

**(continued…)**

*Id.* at 775. The moving party bears the burden of demonstrating that no material issue of fact remains. *Id.* The record must be viewed in the light most favorable to the non-moving party. *Id.*

[7] ABE and Withers also argue that the law of the case doctrine does not apply because, as the prevailing party, they could not appeal Senior Judge Oler's decision even though they disagreed with his reasoning. Furthermore, ABE and Withers assert that the law of the case doctrine does not apply because the previous decision is a single-judge opinion. ABE and Withers offer no legal support for these arguments, and we are not persuaded by their bald assertions. Lastly, ABE and Withers assert that the law of the case doctrine should not apply because there has been a change in the law. In support of this argument, ABE and Withers assert that the Pennsylvania Supreme Court has recently accepted a similar issue for review in *Malanchuk v. Sivchuk*, 115 A.3d 310 (Pa. 2015) (per curiam) (granting petition to appeal). Although the Supreme Court has accepted the case for review, it has not yet issued a decision in that case, and the fact that the Supreme Court accepted the case for review does not qualify as a change in the law. ABE and Withers do not argue that there has been any change to this Court's precedent since Senior Judge Oler issued his decision.

6

decision making, protect the settled expectations of the parties, maintain the consistency of the litigation and end the case." *Peden v. Gambone Bros. Dev. Co.*, 798 A.2d 305, 310 (Pa. Cmwlth.) (citing *Starr*, 664 A.2d at 1331), *appeal denied*, 806 A.2d 864 (Pa. 2002). In pertinent part, the law of the case doctrine provides that "upon a second appeal, an appellate court may not alter the resolution of a legal question previously decided by the same appellate court." *Starr*, 664 A.2d at 1331. The law of the case doctrine does not apply, however, "where there has been an intervening change in the controlling law, a substantial change in the facts or evidence giving rise to the dispute in the matter, or where the prior holding was clearly erroneous and would create a manifest injustice if followed." *Id.* at 1332.

The instant case is clearly one where ABE and Withers are asking this Court to alter the resolution of a legal question already decided by this Court during a previous appeal. Specifically, they seek a reversal of Senior Judge Oler's conclusion that the summary judgment order was interlocutory. Thus, we may not reverse Senior Judge Oler's decision unless one of three exceptions listed above applies. ABE and Withers argue that Senior Judge Oler's decision was legally erroneous under *Kincy* and this Court's interpretation of *Kincy* in *Knox v. SEPTA*, 81 A.3d 1016 (Pa. Cmwlth. 2013). Reversal for legal error, however, requires not only a "clearly erroneous" decision, but also that a "manifest injustice" would result from following the erroneous decision. *Starr*, 664 A.2d at 1332. ABE and Withers have failed to identify any manifest injustice that would be created by following Senior Judge Oler's decision. Thus, even if we accepted their argument that the decision was legally erroneous, the law of the case doctrine would still

7

apply because following the order would not create a manifest injustice.[8] We, therefore, reject ABE's and Withers' argument that the law of the case doctrine does not apply and, consequently, will not address the merits of their timeliness argument.

As to the merits of the summary judgment order, we agree with the trial court that the actions of ABE and Withers were not the proximate cause of the accident.[9] To recover on a theory of negligence, the plaintiff must prove four elements, including a causal connection between the defendant's actions and the injury complained of. *Taylor v. Jackson*, 643 A.2d 771, 775 (Pa. Cmwlth. 1994). It is not enough to show that the defendant's conduct was an actual or but-for cause of the injury, it must also be the proximate or legal cause of the injury. *Id.* "The term proximate cause or legal cause is applied by courts to those more or less undefined considerations which limit liability even where the fact of causation can be demonstrated." *Mazzagatti v. Everingham by Everingham*, 516 A.2d 672, 676 (Pa. 1986). "Liability for negligence depends on antecedent probability, not the mere possibility, of harmful results therefrom. The general test of liability is whether the injury could be foreseen by an ordinarily intelligent person as the natural and probable outcome of the act complained of." *Venzel v. Valley Camp*

---

[8] In fact, because this Court determined that Samer had to wait until after trial to appeal the interlocutory summary judgment order, the greater injustice would result from us denying Samer her day in court now that she has followed that directive.

[9] Ordinarily, the question of whether a defendant's negligence is the proximate cause of the accident is for the fact-finder. *Ford v. Jeffries*, 379 A.2d 111, 114 (Pa. 1977). But when the relevant facts are not in dispute and the causal connection between the defendant's negligence and the plaintiff's injury is apparent from the evidence, the question becomes one of law. *Behney v. Bolich*, 986 A.2d 944, 946 n.1 (Pa. Cmwlth. 2009).

8

*Coal Co.*, 156 A. 240, 242 (Pa. 1931). Thus, "legal cause frequently does not follow as far as cause-in-fact would lead." *Whitner v. Von Hintz*, 236 A.2d 889, 895 (Pa. 1970).

To determine whether a party's negligence was the proximate or legal cause of an injury, this Court has adopted the "substantial factor" test. *Taylor*, 643 A.2d at 775. As we explained in *Taylor*, Section 433 of the Restatement (Second) of Torts sets forth a three-part test for determining whether negligent conduct is a substantial factor in producing the injury:

> (a) the number of other factors which contribute in producing the harm and the extent of the effect which they have in producing it;
>
> (b) whether the actor's conduct has created a force or series of forces which are in continuous and active operation up to the time of the harm, or has created a situation harmless unless acted upon by other forces for which the actor is not responsible;
>
> (c) lapse of time.

*Taylor*, 643 A.2d at 775 (quoting RESTATEMENT (SECOND) OF TORTS § 433 (1965)).

It is clear from the record that ABE's and Withers' actions were a but-for cause of the accident, *i.e.*, that the accident would not have occurred if ABE and Withers had not triggered the fire alarm. We must, therefore, determine whether ABE's and Wither's actions were also a substantial factor in the accident. First, the triggering of the fire alarm was only one of several factors contributing to the accident. Chief among the other contributing factors were the actions of Dashner, *i.e.*, crossing the median and proceeding down the street in the wrong direction, and the actions of Decedent, *i.e.*, his decision to leave the right lane and proceed down the left lane towards the firetruck at a high rate of speed. Second,

9

the situation created by triggering the fire alarm was generally harmless. Hundreds of fire alarms go off every day and the emergency response they induce is generally harmless to the traveling public. It is only because of the additional forces at play—*i.e.*, the actions of Dashner and the Decedent—that the injury occurred. It goes without saying that ABE and Withers cannot be held responsible for the ways in which Dashner and the Decedent chose to drive their vehicles. Third, there was no lapse in time. Although there was no lapse in time, given the other considerations, we conclude that the actions of ABE and Withers were not a substantial factor in causing the accident.

Samer's arguments to the contrary are unpersuasive. First, she asserts that the actions of Dashner and Decedent were not remote or extraordinary so as to relieve ABE and Withers of responsibility. The substantial factor test, however, does not require the other forces to be remote or extraordinary—only that they contribute to the harm, which they unquestionably did. Furthermore, these forces were not minor influences, but rather major contributors to the accident—but-for causes in their own right. Second, Samer argues that the force ABE and Withers created in the form of an emergency response was not harmless. We cannot agree. As pointed out above, the typical emergency response takes place without incident or harm to the traveling public. Lastly, Samer points out that minimal time elapsed between triggering the alarm and the accident. While true, not every action close in time to an injury is a substantial factor in causing the injury, and this alone is not enough to conclude that the actions of ABE and Withers were a substantial factor in the accident.

In short, we cannot agree with Samer's assertion that "[a] crash involving a fire truck on the way to a fire alarm is a natural and probable outcome

10

of setting the fire truck into motion in an emergency response by triggering a fire alarm." (Samer's Br. at 30.) While we agree that a firetruck getting into an accident en route to a fire alarm is not inconceivable, a "mere possibility" is not the test for liability; instead, the harm must be "the *natural and probable* outcome of the act complained of." *Venzel*, 156 A. at 242 (emphasis added). A person of ordinary intelligence does not expect, as the natural and probable result of a fire alarm, that the firetruck will be in an accident en route to the alarm. Thus, we must conclude that although ABE's and Withers' actions were a cause-in-fact of the accident, those actions were not the proximate cause of the accident.

For the reasons discussed above, the order of the trial court is affirmed.

_____
P. KEVIN BROBSON, Judge

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Judith G. Samer, Executrix of the :
Estate of William R. Samer, Deceased :
                   Appellant :
                        :
          v. :
                        :
Frank Dashner, IV, City of Bethlehem :
Service Electric Cable TV, Inc. :
and Altronics, Inc. :
                        :
Judith G. Samer, Executrix of the :
Estate of William R. Samer, Deceased :
                   Appellant :
                        :
          v. : No. 1319 C.D. 2015
                        :
ABE Alarm Service and Mark D. :
Withers, Individually, t/a and d/b/a :
ABE Alarm Service :

## **O R D E R**

AND NOW, this 3rd day of March, 2016, the order of the Court of Common Pleas of Northampton County is hereby AFFIRMED.

_____
P. KEVIN BROBSON, Judge