# CASES

IN THE

# SUPERIOR COURT

OF

# PENNSYLVANIA.

---

## Hartman, Appellant, v. Hefflefinger.

*Sheriff's sale—Levy—Sale without goods in sight—Return of sale.*

Where a sheriff's return of a sale of personal property establishes the fact that the sheriff did not have the goods in his custody, nor in his view, either at the time of the levy or the sale, the levy and sale are void, and vest no title whatever in the purchaser.

Argued March 14, 1911. Appeal, No. 24, March T., 1911, by plaintiff, from judgment of C. P. Cumberland Co., May T., 1910, No. 243, on verdict for defendant in case of Charles A. Hartman v. William A. Hefflefinger and Emma Hefflefinger. Before Rice, P. J., Henderson, Morrison, Orlady, Head, Beaver and Porter, JJ. Affirmed.

Replevin for goods sold at a sheriff's sale. Before Sadler, P. J.

The facts are stated in the opinion of the Superior Court.

The trial judge charged in part as follows:
Our view of the law is that if Mr. Gilbert in good faith made a sale on February 12, 1910, to Mrs. Hefflefinger, on the agreement that it should be credited on his indebted-

ness, and that understanding was carried out in good faith, and that Gilbert had made all the delivery that was possible. A sale is not good as against an execution creditor unless the goods pass from the defendant to the purchaser, or the purchaser acquires all the possession that it is possible for him to acquire. At that time it was not possible, that is on February 12, it was not possible for Gilbert to hand over the goods, because they had not been set apart to him. Our view is, if you find this was a valid sale, that Mrs. Hefflefinger had received all the possession possible for Gilbert to give; that is, he had transferred them to her, but they were in the hands of Mr. Willis; they were out of his control, and he could not do any more than he did do, and if that is so, that he delivered all the possession possible, and there was a valid sale, then Mrs. Hefflefinger became the cwner of them, and the execution issued on February 28, 1910, and the levy made on the first of March, and the sale on March 17, conveyed no title to Mr. Hoffer's client, Hartman, and he cannot recover. We simply leave the question to you, if you find that on February 12 that Gilbert sold this property to Mrs. Hefflefinger in good faith, with the understanding that it should be credited on the indebtedness due by him to her, then your verdict should be for the defendants—that is all there is in the case. I have reserved a question which I have already read to you. The simple question is, did Gilbert in good faith on February 12 sell this property to Mrs. Hefflefinger to be credited on her debt, and after it was set aside by Mr. Willis, did she take possession of it?

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1) portion of charge, and (2) in entering judgment on the verdict.

*F. H. Hoffer*, for appellant, cited: Haldeman v. Duncan, 51 Pa. 66; Eagle v. Eichelberger, 6 Watts, 29; Golder v. Ogden, 15 Pa. 528; Hutchinson v. Hunter, 7 Pa. 140;

Creps v. Dunham, 69 Pa. 456; McCandlish v. Newman, 22 Pa. 460.

*T. Ralph Jacobs,* with him *Wetzel & Hambleton,* for appellee.—The property levied on must be in the power, or at least in the view of the sheriff, at the time the levy is made: Wood v. Vanarsdale, 3 Rawle, 401; Sheerer v. Lautzerheizer, 6 Watts, 543; Lowry v. Coulter, 9 Pa. 349; Welsh v. Bell, 32 Pa. 12; Duncan's App., 37 Pa. 500; Commonwealth Ins. Co. v. Berger, 42 Pa. 285; Linton v. Com., 46 Pa. 294; Carey v. Bright, 58 Pa. 70; Samuel v. Knight & Co., 9 Pa. Superior Ct. 352.

A sheriff's sale in the absence of the chattels, and without the defendant's waiver of the irregularity, is absolutely void: Cresson v. Stout, 17 Johns. (N. Y.) 116; Tibbetts v. Jageman, 58 Ill. 43; Brown v. Lipscomb, 9 Por. (Ala.) 472; Blanton v. Morrow, 7 Ired. Eq. (N. C.) 47; Ainsworth v. Greenlee, 3 Murph. (N. C.) 470.

OPINION BY MORRISON, J., May 11, 1911:

This is an action of replevin brought to determine the right of possession to certain articles of personal property which formerly belonged to and were in the possession of Wallace H. Gilbert, a merchant, of Newville, Pennsylvania.

On February 11, 1910, Gilbert was, on his own petition, adjudged a bankrupt in the district court of the United States for the middle district of Pennsylvania. In his petition he, under the exemption laws, reserved the following: "Household goods under Act of 1849 Laws of Penna., consisting of bed and bedding, part of parlor suite, carpets, etc., $50.00 and balance of $250 in goods of store." Among his creditors were L. M. Hartman & Sons and Mrs. Emma Hefflefinger. He owed the former $192.82, evidenced by a note containing a waiver of the exemption laws of Pennsylvania. The latter he owed $411, evidenced by a judgment exemption note. It appears to be conceded in this suit that both claims were bona fide. On Feb-

ruary 12, 1910, the bankrupt executed and delivered to Mrs. Hefflefinger all his right, title and interest in the household goods and merchandise taken, set apart and appraised to him in the bankruptcy proceedings in his estate under his claim for the exemption of $300. The goods and merchandise in controversy were not actually appraised and separated from the bulk of the bankrupt's estate until March 14, 1910, on which date Mrs. Hefflefinger, one of the appellees, took actual possession of them and has retained possession of said goods and merchandise ever since that date. It appears to be conceded that she allowed the bankrupt credit for the full value of the property in controversy, to wit, the sum of $300.

At the trial of the issue joined between the appellant and the appellees in this suit to determine the title and right of possession of the property which had been delivered to Mrs. Hefflefinger as above stated, the learned court clearly submitted to the jury, in substance, the bona fides of the sale by Gilbert to Mrs. Hefflefinger and told the jury that if the sale was honest and fair and all the delivery of the goods was made that was possible to make at the date of the sale, the property being then out of possession of Gilbert and mingled with his other property which had passed to his trustee in bankruptcy, then as against the plaintiff Mrs. Hefflefinger's title was good. The jury must have found the question so submitted in favor of the latter.

The plaintiff's title and right of possession were based on an alleged levy and subsequent sheriff's sale of the property in controversy made by the sheriff of Cumberland county to the plaintiff. Hartman & Sons obtained judgment on their note on February 28, 1910, before a justice of the peace, and filed a transcript thereof on the same day in the common pleas and immediately issued execution thereon which went into the sheriff's hand on the same day. On the next day, March 1, 1910, the sheriff attempted to levy on Gilbert's goods which he had claimed under the exemption laws, but being unable to gain en-

trance to the dwelling and storerooms of the defendant, he levied on the latter's interest in a general line of household goods contained in the dwelling at Newville, Penna., and at the same time on the defendant's interest in a general line of groceries contained in a storeroom in the same borough without having any of the property in sight (it being reported that the said property was in the possession of a trustee in bankruptcy), and gave the defendant notice of said levy. Subsequently, on March 17, 1910, after advertisement by handbill duly posted, the sheriff sold the said defendant's interest in said line of household goods and line of groceries to Charles A. Hartman. But at the time of the sale the said property was in the possession of Mrs. Hefflefinger and neither the sheriff nor the bidders saw the property or had any control over it whatever.

Whether or not Mrs. Hefflefinger obtained title and right of possession in the property in controversy until it was actually delivered to her on March 14, 1910, is not necessary to be decided as we view the questions involved. It is not disputed that she obtained the actual possession of the property at the latter date and the so-called sheriff's sale did not take place until March 17, 1910, and the purchaser then saw none of the property and obtained no possession of it. The sheriff's return to the fi. fa. specifically states that he made the levy without having any of the goods in sight. The return of the sheriff is conclusive on the parties to the execution: Snyder v. Snyder, 6 Binney, 483. In Rice v. Groff, 58 Pa. 116, it is said: "The sheriff's return is of such high authority that it cannot be contradicted." The sheriff's return clearly establishes the fact that he did not have the goods in controversy in his custody, nor were they in his view, either at the time of the levy or of the sale. We are of opinion that the levy as shown by the sheriff's return was clearly invalid. In Samuel v. Knight & Co., 9 Pa. Superior Ct. 352, we held as stated in the syllabus: "A levy to be good must be made in such a way that the officer has the property within

his power or within his view, and after having it so, he makes a levy upon it and follows it up within a reasonable time by taking possession in such a manner as to apprise everybody of it having been so taken in execution."

In Lowry v. Coulter, 9 Pa. 349, GIBSON, Chief Justice, said (p. 354): "but so far as legal direction was involved at the trial, it was the duty of the judge to charge that if the sheriff did not see the property at the time of the levy and after it, . . . . the execution was fraudulent and void." In Carey v. Bright, 58 Pa. 70, it is said: "To constitute a good levy the personal property levied on should be in the power, or, at least, in the view of the officer, at the time it is made." To the same effect is Duncan's App., 37 Pa. 500.

A levy in Pennsylvania implies an actual seizure; but it has been held that if the officer, with the goods in view and within his power, asserts that he makes a levy upon them, his acts are equivalent to a levy: Com. Ins. Co. v. Berger & Butz, 42 Pa. 285. Many other cases might be cited, but we deem it unnecessary as the law has long been settled that a levy indorsed upon a writ of execution when the officer did not see the personal property is void. We think it clear in the present case that the sheriff's return establishes the fact that neither he nor the bidders saw any of the property at the time of the alleged sheriff's sale, and we, therefore, conclude that the levy and sale were entirely insufficient to vest any title whatever in the plaintiff. Having reached this conclusion it necessarily follows that the learned court below did not err in submitting the case to the jury and in entering judgment on the verdict in favor of the defendants.

The assignments of error are dismissed and the judgment is affirmed.