633 A.2d 208

William K. REILLY, Appellant,

v.

TIERGARTEN INC. T/A Black Horse Tavern, and Winifred M. Fritz As Personal Representative of the Estate of Thomas J. Fritz, and Lima Beverage, Inc. and 87–Beers, Inc. T/A Brookhaven Distributors, (Two Cases).

Superior Court of Pennsylvania.

Argued May 20, 1993.

Filed Nov. 12, 1993.

Garland D. Cherry, Jr., Media, for appellant. (Submitted)

Robert P. Hagan, Drexel Hill, for Tiergarten & Fritz, appellees.

Mark J. Connor, Media, for Lima Beverage, appellee.

Ernest Iannelli, Philadelphia, for 87–Beers, Inc., appellee.

Before WIEAND, CIRILLO and HOFFMAN, JJ.

HOFFMAN, Judge.

This is an appeal from the November 16, 1992 and December 9, 1992 orders granting appellees', Tiergarten, Inc., t/a Black Horse Tavern, and Winifred Fritz, as personal representative of the estate of Thomas Fritz, Lima Beverage, Inc. and 87–Beers, Inc, t/a Brookhaven Distributors, motions for summary judgment. Appellant, William Reilly, presents the following issues for our review:

1. The lower court erred by ruling as a matter of law that the conduct of the police in shooting the minor plaintiff was unlawful and was a superseding cause.

2. The lower court erred by ruling as a matter of law that the criminal conduct of the minor plaintiff himself was a superseding cause of harm.

3. The lower court erred by ruling as a matter of law that the assaultive conduct of the minor plaintiff and the shooting of him by police were unforeseeable consequences of his intoxication; and by confusing foreseeability of injury with foreseeability of the manner or extent of injury.

4. The lower court erred in concluding that the decision of the U.S. District Court for the Eastern District of Pennsylvania in *Carroll v. Stouffer Restaurant Company* was controlling.

5. Given the facts as stated, is it essential for the plaintiff to plead and prove as an element of his cause of action that it was foreseeable by defendant liquor licensees that the furnishing of alcohol to him might cause him to become violent and suicidal and might result in his being shot by police?

Appellant's Brief at 3–6. For the reasons set forth below, we affirm.

In reviewing an order granting summary judgment, an appellate court "must accept as true all well pleaded facts in the non-moving party's pleadings, giving the non-moving party the benefit of all reasonable inferences to be drawn there-

from." *Askew By Askew v. Zeller*, 361 Pa.Super. 35, 37, 521 A.2d 459, 461 (1987) (citation omitted).

Applying this standard of review, the relevant facts are as follows:

During the late afternoon and early evening hours of May 9, 1990, plaintiff William Reilly, a minor, purchased two cases of beer from defendant, Lima Beverage. Thereafter, he and his friends consumed the beer and then purchased another case of beer from defendant, Brookhaven Distributors. The third case of beer was partially consumed by the plaintiff and his friends. Later that evening, plaintiff, accompanied by his friends, was served excessive amounts of alcohol at defendant, Blackhorse Tavern. Following the consumption of alcohol at the Blackhorse Tavern, plaintiff walked a short distance to his home whereupon he got into an argument with his father. Plaintiff threatened to harm himself or his father with a kitchen knife, and did injure himself with the knife. He then pushed his father into the fireplace, injuring his father.

Thereafter, State Police were called and they tried unsuccessfully to persuade plaintiff to surrender his knife. The police finally surrounded plaintiff at gunpoint in an open field near his home. Plaintiff still refused to surrender the knife and repeatedly asked the police to shoot him. Several times during the encounter, plaintiff moved and/or lunged towards police with the knife asking to be shot. During the confusion, one of the police officers fired two gunshots inflicting severe wounds to plaintiff's abdomen and pelvis. Although he survived the shooting, plaintiff suffered serious and permanent injuries.

Trial Court Opinion at 1–2.

Appellees filed motions for summary judgment which were subsequently granted by the trial court. Post verdict motions were filed and denied. This timely appeal followed.

Essentially, appellant asserts that the trial court erred in granting appellees' motions for summary judgment. We disagree.

■ In reviewing an order granting a motion for summary judgment, an appellate court must determine:

whether the plaintiff has alleged facts sufficient to establish a *prima facie* case. If so, the second step is to determine whether there is any discrepancy as to any facts material to the case. Finally, it must be determined whether, in granting summary judgment, the trial court has usurped improperly the role of the jury by resolving any material issues of fact.

*Dudley v. USX Corp.,* 414 Pa.Super. 160, 168–69, 606 A.2d 916, 920 (1992). An order granting a motion for summary judgment will not be reversed absent an error of law or an abuse of discretion. *McDonald v. Marriott Corp.,* 388 Pa.Super. 121, 125, 564 A.2d 1296, 1298 (1989) (citation omitted).

■ The four elements necessary to establish a cause of action in negligence are: a duty or obligation recognized by law; breach of that duty by the defendant; causal connection between the defendant's breach of that duty and the resulting injury; and actual loss or damage suffered by the complainant. *See Orner v. Mallick,* 515 Pa. 132, 135, 527 A.2d 521, 523 (1987).

In the instant case, appellant clearly established that appellees owed him a duty of care. The Pennsylvania Dram Shop Act establishes a duty on the part of bar owners not to serve alcohol to minors.[1] Appellees breached that duty by serving alcohol to appellant when he was a minor. *See Herr v. Booten,* 398 Pa.Super. 166, 172, 580 A.2d 1115, 1118 (1988) (the serving of alcohol to any person under the age of 21 is negligence per se). *See also Matthews v. Konieczny,* 515 Pa. 105, 527 A.2d 508 (1987) (commercial licensees may be held liable for injuries caused by the service of alcohol to minors).

1. The Dram Shop Act states that for persons licensed under Article IV it is unlawful

to permit ... minors to frequent his licensed premises ... except minors accompanied by parents, guardians, or under proper supervision ... nor shall the licensee knowingly permit any liquor ... to be sold, furnished or given to or be consumed by any minor.
47 Pa.S. 4-493(14) (1969).

However, the breach of a statutory duty does not establish a cause of action in negligence, absent proof of causation and injury. *Vernon v. Stash,* 367 Pa.Super. 36, 46, 532 A.2d 441, 446 (1987); *Simon v. Shirley,* 269 Pa.Super. 364, 409 A.2d 1365 (1979) (saloon that violated statute by serving alcohol to minor, who was subsequently involved in a car accident, will not incur civil liability without evidence that minor was served while visibly intoxicated). To satisfy the requirement of causation, the complainant must demonstrate that the breach was both the proximate cause and the actual cause of his injury. *McDonald,* 388 Pa.Super. at 125, 564 A.2d at 1298.

Proximate cause, is a question of law, to be determined by the judge, and it must be established before the question of actual cause may be put to the jury. *Novak v. Jeannette Dist. Mem. Hosp.,* 410 Pa.Super. 603, 606, 600 A.2d 616, 618 (1991); *Askew by Askew,* 361 Pa.Super. at 41, 521 A.2d at 463. A determination of legal causation, essentially regards "whether the negligence, if any, was so remote that as a matter of law, [the actor] cannot be held legally responsible for [the] harm which subsequently, occurred." *Novak,* 410 Pa.Super. at 606, 600 A.2d at 618 (citation omitted). Therefore, the court must determine whether the injury would have been foreseen by an ordinary person as the natural and probable outcome of the act complained of. *Merritt v. City of Chester,* 344 Pa.Super. 505, 508, 496 A.2d 1220, 1221 (1985).

In the instant case, appellant's assaults upon his father and the intervening police, as well as the police's subsequent wounding of appellant, were not the natural and probable results of appellees' failure to comply with the Dram Shop Act. *Id.* (liability is contingent upon the probability or foreseeability of the resulting injury, not merely the possibility that it could occur). As the remoteness of the negligent act to the injury is great, the trial court did not abuse its discretion in concluding that there was no proximate cause. *Askew by Askew,* 361 Pa.Super. at 42, 521 A.2d at 463.

16

Appellant has not established a cause of action in negligence. *Farnese v. Southeast. Pa. Transp. Auth.*, 338 Pa.Super. 130, 135, 487 A.2d 887 (1985) ("The trial court has a duty to prevent questions from going to the jury which would require it to reach a verdict based on conjecture, surmise, guess or speculation"). Accordingly, we hold that the trial court did not err in granting appellees' motions for summary judgment.

Affirmed.