## Zimmerman v. Alexander Andrew, Inc. t/d/b/a Falltech

C.P. of Elk County, no. 2010-266.

*Peter Friday,* for plaintiff.
*Edward Wertman, John Cromer* and *Stephanie Solomon,* for defendant Alexander Andrew Inc.
*Paul Geer* and *Tara L. Mazduzak,* for defendant United Electric Cooperative.

*Mark E. Mioduszewski*, for defendant National Fuel.

MASSON, P.J., December 22, 2010—Pending before the court are the preliminary objections of defendants National Fuel Gas Company, et al., (hereafter National Fuel) and defendant United Electric Cooperative, Inc., in the nature of demurrers pursuant to Pa.R.C.P. 1028(a)(4) to the amended complaint filed on behalf of plaintiff James Zimmerman. Having considered the briefs submitted and the arguments of counsel provided on July 15, 2010, now, December 22, 2010, it is ordered that the preliminary objections are sustained.

1) *Preliminary objections to count V of the amended complaint filed on behalf of National Fuel Gas Company, et al.*

A demurrer can only be granted when it is certain that no recovery is possible under the facts asserted in the complaint. *Werner v. Plater-Zyberk*, 799 A.2d 776 (Pa. Super. 2002). Where the preliminary objections will result in the dismissal of the action, the objections may be sustained only in cases that are clear and free from doubt. *Swisher v. Pitz*, 868 A.2d 1228,1230 (Pa. Super. 2005). To be clear and free from doubt that dismissal resulting from preliminary objections is appropriate, it must appear with certainty that the law would not permit recovery by the plaintiff upon the facts averred. *Id.*

In this case, the facts averred establish with certainty that the law would not permit recovery as to count V against National Fuel. As defendants proffer, plaintiff has failed to allege facts that would support a finding of negligence. To establish negligence, the plaintiff is required to demonstrate: (1) a legally recognized duty or obligation owed to him by National Fuel; (2) a breach of

that duty; (3) a causal connection between the breach of duty and resulting injury; and (4) actual loss or damage suffered by the plaintiff. *Reilly v. Tiergarten, Inc.*, 633 · A.2d 208, 210 (Pa. Super. 1993). Plaintiff has failed to demonstrate several of these factors.

First, the plaintiff has failed to allege facts that support the conclusion that National Fuel had a duty to protect him from unforeseeable harm. "As a general rule the scope of duty any one person owes to another is limited to those risks that are reasonably foreseeable by the actor in the circumstances of the case." *Dudley v. USX Corp.*, 606 A.2d 916, 922 (Pa. Super. 1992). "That general duty is only modified when a special relationship exists between the parties, such as landowner and invitee." Plaintiff has failed to show how the harm that occurred to him was reasonably foreseeable by National Fuel, even if National Fuel failed to take steps to remove the tree that was obstructing its gas lines. Although it may have been reasonable for National Fuel to foresee that their failure to remove the tree might cause problems or disruptions in its gas lines or that their failure might prompt an individual to attempt to remove the tree within the easement, it would not have been reasonable for National Fuel to foresee that an individual would choose to use a particular harness in a particular manner to climb the tree and subsequently fall from the tree. Furthermore, although plaintiff claims that defendants have a possessory interest in the property that would impose premises liability, plaintiff has failed to allege the exact nature of that interest.

Second, the plaintiff has failed to allege sufficient facts that could establish that any conduct on the part of National Fuel Gas was the proximate cause of plaintiff's harm. In order to establish causation, a plaintiff must

allege that the defendant's breach was both the actual and proximate cause of the injury. *Reilly*, supra, at 210. "It is not sufficient...that a negligent act may be viewed, in retrospect, to have been one of the happenings in the series of events leading up to an injury. Even if the requirement of actual causation has been satisfied, there remains the issue of proximate or legal cause." *Brown v. Philadelphia College of Osteopathic Medicine*, 760 A.2d 863, 868 (Pa. Super. 2000). "Proximate cause, is a question of law, to be determined by the judge, and it must be established before the question of actual cause may be put to the jury." *Reilly*, supra, at 210.

"Proximate causation is defined as a wrongful act which was a substantial factor in bringing about the plaintiff's harm. A determination of proximate or legal causation therefore essentially regards whether the alleged negligence was so remote that as a matter of law, the defendant cannot be held legally responsible for the subsequent harm." *Eckroth, et. al. v. Pennsylvania Electric, Inc.*, 2010 WL 5132855 (Pa. Super. 2010) (quotations omitted). Section 433 of the Restatement of Torts, Second (1965) sets forth a number of considerations important in determining whether negligent conduct is a substantial factor: (1) the number of other factors which contribute in producing the harm and the extent of the effect which they have in producing it; (2) whether the actor's conduct has created a force or series of forces which are in continuous and active operation up to the time of the harm, or has created a situation harmless unless acted upon by other forces for which the actor is not responsible; (3) lapse of time. See *Id.*

Clearly, in this case, a number of other factors significantly contributed in producing the harm —

plaintiff's decision to climb the tree and cut it down, plaintiff's decision to use a particular harness to secure him in the tree and that harness's alleged defects. Furthermore, plaintiff offered no timeline that would indicate that his decision to climb the tree was in immediate response to National Fuel's failure to remove the tree. Finally, no force worked in continuous and active operation up to the time of harm. The causal chain of events leading to the plaintiff's injury is therefore too remote to conclude that the alleged action of National Fuel was a substantial factor in bringing about the injury.

Plaintiff claims that this case is analogous to the facts of *Ford v. Jeffries*, where the Pennsylvania Superior Court found that reasonable minds could differ as to whether the defendant's conduct was a substantial factor in causing the harm where the defendant allowed his rental property to fall into a state of disrepair and created a fire hazard. 379 A.2d 111 (Pa. 1977). The house caught on fire twice, the second time spreading to the plaintiff's home. This case, however, is clearly distinguishable from the facts at hand. In *Ford*, the defendant's failure to maintain his premises caused a fire in the adjoining property. Here, however, plaintiff is not alleging that National Fuel's failure to maintain the tree caused the plaintiff to fall, but that National Fuel's failure to maintain its gas lines and remove the tree within the gas line right-of-way caused the plaintiff to climb the tree from which he subsequently fell.

Plaintiff's case is more similar to the facts in *Eckroth, et. al. v. Pennsylvania Electric, Inc.,* where Penelec's negligent termination of electric power was alleged to be the cause of a house fire 48 hours later. 2010 WL 5132855 (Pa. Super. 2010). The Superior Court affirmed the court

of common pleas' grant of summary judgment in favor of defendant Penelec, and held that Penelec's termination was not the proximate cause. The court reasoned that while it was foreseeable that a resident might light a candle to illuminate a dark house, it was unforeseeable that a resident would leave a candle with an exposed flame unattended overnight in a precarious location. Similarly, in the case at hand, National Fuel's alleged breach was merely the underlying reason for plaintiff's actions that ultimately caused his injuries.

It is simply too far attenuated to claim that National Fuel's failure to maintain a tree within its gas line right-of-way caused the tenant of the property to solicit the plaintiff to remove the tree, caused the plaintiff to climb the tree, use a purportedly defective safety harness, and finally, to fall out of the tree when the harness failed. National Fuel did not in any way control the plaintiff's actions, determine how he climbed the tree or how he chose and used the safety harness. Consequently, plaintiff's injuries were entirely too remote and extraordinary for a finding of proximate cause.

As it is certain that the plaintiff has averred no facts that would permit recovery, defendant National Fuel's preliminary objections are sustained and count V of plaintiff's complaint is dismissed.

2) *Preliminary objections to Count IV of the amended complaint filed on behalf of United Electric Cooperative, Inc.*

The preliminary objections to count IV of the amended complaint submitted on behalf of United Electric Cooperative, Inc. (hereafter United Electric) mirrors the preliminary objections filed on behalf of National Fuel,

and for the reasons stated above, the court finds that the plaintiff has failed to allege any facts that might support a recovery against or from United Electric.

Plaintiff has failed to allege facts to support a conclusion that United Electric had a duty to protect the plaintiff from unforeseeable harm, has failed to allege the exact nature of any possessory interest that would result in premises liability, and has failed to allege any facts to establish that any act or failure to act of United Electric was the proximate cause of the injuries alleged by the plaintiff.

As it is certain that the plaintiff has averred no facts that would permit recovery, defendant United Electric's preliminary objections are sustained and count IV of plaintiff's complaint is dismissed.