J-A09020-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

<table>
<tr><td>BARBARA ZAMSKY AND DODGE<br>PREMIER, INC. AND PREMIER<br>PLATFORM TENNIS, INC.,<br><br>           Appellants<br><br>         v.<br>DAVID DODGE AND CHRISTINE<br>ANTHONY AND JEFFERY SHERMAN,<br>ESQUIRE AND PREMIER PLATFORM<br>TENNIS, LLC,<br><br>           Appellees</td><td>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:</td><td>IN THE SUPERIOR COURT OF<br>     PENNSYLVANIA<br><br><br><br><br><br><br><br><br><br><br><br>No. 2107 EDA 2014</td></tr>
</table>

Appeal from the Order June 30, 2014,
Court of Common Pleas, Delaware County,
Civil Division at No. 11-2637

BEFORE:  BOWES, DONOHUE and STABILE, JJ.

MEMORANDUM BY DONOHUE, J.:                    **FILED JUNE 23, 2015**

Barbara Zamsky ("Zamsky"), Dodge Premier, Inc., and Premier Platform Tennis, Inc. (collectively, "Appellants"), appeal from the order entered on June 30, 2014 in the Court of Common Pleas, Delaware County, granting Appellees' motion for summary judgment.  For the reasons set forth herein, we affirm.

A summary of the relevant facts and procedural history is as follows. Zamsky and David Dodge ("Dodge") were married from May 1998 until May 2008.  During the marriage, Zamsky and Dodge formed Premier Platform Tennis, Inc. ("Premier Corporation").  Premier Corporation operated a

business that involved building and maintaining platform tennis courts.[1]
Zamksy retained control of Premier Corporation following her separation
from Dodge.

In late 2008, Dodge and Christine Anthony ("Anthony") formed
Premier Platform Tennis, LLC ("Premier LLC"). Premier LLC, like Premier
Corporation, built and maintained platform tennis courts. Dodge and
Anthony held themselves out as president and vice president respectively.
Dodge and Anthony retained Attorney Jeffrey Sherman ("Attorney
Sherman") to form and register Premier LLC. In the course of forming and
registering Premier LLC in Pennsylvania, Attorney Sherman's business
address was listed in the formation papers for initial tax purposes, and was
also listed at one time as the "President" of Premier LLC on the Corporation
Bureau's records.

On April 5, 2011, Appellants filed a complaint against Premier LLC,
Dodge, Anthony, and Attorney Sherman.[2] With respect to Attorney Sherman

---

[1] "Platform tennis is an outdoor court game played with paddles and a
rubber ball on a raised and fenced wooden floor that is smaller than a tennis
court." **See** Trial Court Opinion, 11/5/14, at 6 n.1 (citing THE AMERICAN
HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE 1387 (3d ed. 1996)).

[2] At oral argument, this Court determined that outstanding claims remained
undecided in the trial court concerning Premier LLC, rendering this appeal
interlocutory. **See** Pa.R.A.P. 341 ("any order or other form of decision that
adjudicates fewer than all the claims and parties shall not constitute a final
order."). On March 23, 2015, this Court issued an Order providing
Appellants with ten days to dismiss the action against Premier LLC. **See**
Order of Court, 3/23/15, at 1-2. The Order further provided that failure to
comply would result in our quashing of the appeal. Appellants complied with

in particular, Appellants alleged that he was the president and sole officer of Premier LLC and lodged the following claims against him: conspiracy, conversion by agent, unfair competition, tortious interference with business relations, unjust enrichment, accounting, and violation of the Uniform Trade Secrets Act.

On August 30, 2013, Attorney Sherman filed a motion for summary judgment, asserting that he only acted as an attorney for Premier LLC, and that since all claims against him arose solely from Appellants' erroneous belief that he had a personal interest in Premier LLC, they should be dismissed. The trial court granted Attorney Sherman's motion for summary judgment on June 30, 2014.[3] Appellants filed a motion for reconsideration on July 9, 2014 and a notice of appeal on July 23, 2014. The trial court denied Appellants' motion for reconsideration on July 30, 2014.

On appeal, Appellants raise the following issues for our review:[4]

> 1. Was the Court in error in not considering that the aforesaid Motion for Summary Judgment stated at page 11 "Dodge and Anthony retained the service of [Attorney] Sherman, to act as their attorney and assist with the formation of Premier, LLC. Complaint ¶ 24, without considering the allegations of various

---

our Order by filing a Praecipe to Discontinue/Dismiss Action as to Premier LLC on March 30, 2015. Accordingly, we will address the merits of Appellants' claims.

[3] The trial court also granted Dodge and Anthony's motion for summary judgment on June 30, 2014, but that decision is not the subject of this appeal.

[4] We have rearranged Appellants' issues on appeal for ease of disposition.

- 3 -

wrongful acts by [Attorney] Sherman and the two named Defendants?

2. Was the Court in error in not considering that the aforesaid Motion for Summary Judgment only considered the argument of [Attorney] Sherman that his services were as a facilitator only, omitting the information that Defendant [Attorney] Sherman was paid $1500.00 by check dated 1/13/09 with Dodge Corp on the memo line, a usual and customary fee for the formation of an LLC in this area. There were subsequent payments long after formation of the LLC was completed totaling in excess of $8000, that is $8654.23?

3. Was the Court in error in not considering that the aforesaid Motion for Summary Judgment omitted informing the Court that Defendant [Attorney] Sherman was listed on the records of the Department of State of the Commonwealth of Pennsylvania, Business Entity Filing History, as President of [Premier] LLC, on the date of the formation of the LLC, December 24, 2008 and continued being shown on the Business Entity Filing History as President of [Premier] LLC, on the records of Department of State of the Commonwealth of Pennsylvania, until at least March 10, 2011?

4. Was the Court in error in not considering that the aforesaid Motion for Summary Judgment admits at Paragraph 26[,] "Appellants can conceivably maintain a claim of conspiracy against [Attorney] Sherman only if his alleged conduct was other than as a lawyer for his clients?"

5. Was the Court in error in not considering that the aforesaid Motion for Summary Judgment was granted as to Count I CONSPIRACY, when the various paragraphs of Count I specifically allege the Defendants including Defendant [Attorney] Sherman conspired to acquire the business of Plaintiff Premier [Corp.], took confidential and proprietary information as to customers, collected accounts receivable,

withdrew funds from the bank account of plaintiff DPI, took equipment and other assets without permission or consent of any authorized party?

6. Was the Court in error in not considering that the aforesaid Motion for Summary Judgment was granted as to Count I CONSPIRACY as the movants counsel for Defendant [Attorney] Sherman advised the Court, because there was a release of two co-defendants; Dodge and Anthony, there could not be a conspiracy of one, that is Defendant [Attorney] Sherman alone, when there was an additional Defendant Premier [] LLC still in the case?

7. Was the Court in error in not considering that the aforesaid Motion for Summary Judgment was granted as to Count II CONVERSION BY AGENT, when the facts in the various paragraphs of Count II specifically allege Dodge while still an officer and an employee of Plaintiff [Premier Corp.] and DPI with the assistance of Anthony and [Attorney] Sherman formed Defendant [Premier] LLC; further acting, in concert with Defendants misappropriated assets of the Plaintiff's herein?

8. Was the Court in error in not considering that the aforesaid Motion for Summary Judgment was granted as to Count III UNFAIR COMPETITION. The facts in the various paragraphs of Count III specifically allege all of the Defendants including Defendant [Attorney] Sherman, conspired to acquire the business of the Plaintiffs [Premier Corp.] and DPI took and used business and proprietary information of Plaintiffs [Premier Corp.] and DPI, engaged in deceptive selling practices using the name of Plaintiff Premier [Corp.] and used forms, cards and other material similar to that used by [Premier Corp.]

9. Was the Court in error in not considering that the aforesaid Motion for Summary Judgment was granted as to Count IV DEFENDANT [] DODGE VIOLATION OF FIDUCIARY DUTIES. The facts in the various paragraphs of Count IV specifically allege

that from and after May 1, 2008, Defendant []
Dodge --- in concert with the other named
Defendants (Anthony and [Attorney] Sherman)
converted took and misappropriated assets of the
Plaintiffs herein.

10. Was the Court in error in not considering that the
aforesaid Motion for Summary Judgment was
granted as to Count VI DEFENDANTS TORTIOUS
INTERFERENCE PLAINTIFFS BUSINESS RELATIONS.
The facts in the various paragraphs of Count IV
specifically allege that the engagement/employment
of Defendant Dodge by Plaintiffs was never
terminated and that he, in concert with the other
Defendants, including Defendant [Attorney]
Sherman, willfully solicited customers and suppliers
of Plaintiffs for his and their own purposes.

11. Was the Court in error in not considering that the
aforesaid Motion for Summary Judgment was
granted as to Count VII UNJUST REINRICHMENT
[sic]. The facts in the various paragraphs of Count
VII specifically allege that Defendant Dodge in
concert with the other named Defendants including
Defendant [Attorney] Sherman took and
misappropriated assets of the Plaintiffs.

12. Was the Court in error in not considering that the
aforesaid Motion for Summary Judgment was
granted as to Count VIII. The facts in the various
paragraphs of Count VIII specifically allege that the
paragraphs 1 through 58 of the Complaint were
incorporated in Count VIII by reference and
Defendant Dodge, in concert with the other named
Defendants, including Defendant [Attorney] Sherman
took including [sic] and misappropriated assets of
the Plaintiffs.

13. Was the Court in error in not considering that the
aforesaid Motion for Summary Judgment was
granted as to Count IX. The facts in the various
paragraphs of Count IX specifically allege Defendant
Dodge in concert with the other named Defendants

including Defendant [Attorney] Sherman took and misappropriated assets of the Plaintiffs.

14. Was the Court in error in not considering that the aforesaid Motion for Summary Judgment did not address that discovery had not yet been completed?

15. Was the Court in error in not considering that the aforesaid Motion for Summary Judgment omitted informing the Court that despite Defendant [Attorney] Sherman's assertion that all electronic records were lost, one e-mail from Defendant [Attorney] Sherman came into Plaintiffs' possession by reason of being transmitted on Plaintiffs' computer, stating that [Attorney] Sherman was recovering the business of Premier Platform Tennis for Defendant Dodge?

Appellants' Brief at 4-6.[5]

Appellants also raise in their Statement of Errors Complained of on Appeal the following: "the trial court 'was in error as to not giving full impact to the following issues of fact':"

_____

[5] Attorney Sherman argues that Appellants' appeal should be dismissed for failing to conform to the requirements of the Rules of Appellate Procedure. Attorney Sherman's Brief at 17-18. Attorney Sherman specifically argues that Appellants deviated from the briefing requirements in Rules 2172, 2174, 2117, and 2116(a) of the Pennsylvania Rules of Appellate Procedure, by failing to "include a cover page, alphabetically arranged table of citations, statement of case with no arguments, name of judge whose determinations are to be reviewed, concise questions and answers after the questions." **Id.** Attorney Sherman further argues that Appellants' argument section in its brief "was not divided into as many parts as there are questions to be argued (fifteen), and there was no particular point treated in parts of the argument, as required by Pa.R.A.P. 2119(a)." **Id.** at 18. We agree that the brief is defective. However, while this Court has authority to dismiss an appeal for defects in the brief, we conclude that the defects in this instance do not impede our ability to conduct meaningful review of the issues on appeal, and therefore, we will address the merits of Appellants' claims.

1[.] Defendant [Attorney] Sherman was President of [Premier] LLC for a period of almost three (3) years.

2. Defendant [Attorney] Sherman has not presented facts of proof that he is still not the President of [Premier] LLC.

3. Defendant [Attorney] Sherman was the Responsible Party In the Docketing Statement of the Department of Revenue.

4. Defendant [Attorney] Sherman has not presented facts of proof that he is still not the Responsible Party in the Docketing Statement of the Department of Revenue.

5. The release of Defendants Dodge and Anthony has not been finalized by an agreement as required by the Divorce Court.

6. Such agreement prepared in accordance with the directions of the Court is required to that [sic] provide the case shall continue against Defendant [Attorney] Sherman and Defendant [Premier] LLC.

7. The discovery of Defendant [Attorney] Sherman has not been completed.

8. Defendant [Attorney] Sherman [sic] refusal to produce electronic and hard copy records claiming all such records were "lost" subjects [Attorney] Sherman to all adverse inferences under the Doctrine of Spoilation. See, Transportation Law Update, Rawle and Henderson, LLP, vol. 13; and Spoilation of Evidence, Georgia Bar Journal, Lee Wallace, 2002.

9. Defendant [Attorney] Sherman cannot assert there can be no conspiracy, if Defendants Dodge and Anthony are released, based on the concept that there can be no conspiracy of one, where Defendant [Premier] LLC is not released and remains as one (1)

- 8 -

of two (2) defendants, along with Defendant [Attorney] Sherman.

10. Defendant [Premier] LLC was included in the notes of testimony attached to Defendant's Motion for Summary Judgment as being a party to the case going forward.

*Id*. at 6.

Our standard of review of a trial court's decision to grant a motion for summary judgment is well settled:

> A reviewing court may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.
>
> In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. Pa.R.C.P. 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non[-]moving party to adduce sufficient evidence on an issue essential to his case and on which it bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

*Thompson v. Ginkel*, 95 A.3d 900, 904 (Pa. Super. 2014) (citing *J.P. Morgan Chase Bank, N.A. v. Murray*, 63 A.3d 1258, 1261-62 (Pa. Super.

2013)). This standard of review implicates a three-step process, which requires the appellate court to determine

> whether the plaintiff has alleged facts sufficient to establish a *prima facie* case. If so, the second step is to determine whether there is any discrepancy as to any facts material to the case. Finally, it must be determined whether, in granting summary judgment, the trial court has usurped improperly the role of the jury by resolving any material issues of fact.

**Reilly v. Tiergarten, Inc.**, 633 A.2d 208, 209-210 (Pa. Super. 1993) (citing **Dudley v. USX Corp.**, 606 A.2d 916, 920 (Pa. Super. 1992)).

On appeal, Appellants direct the first three of their fifteen issues to their claim that the trial court erred in its determination that Attorney Sherman did not act other than as a lawyer. Appellants assert that the trial court failed to consider that Attorney Sherman was listed as the President of Premier LLC for nearly three years and that Attorney Sherman received payments after the formation of Premier LLC.

With regard to Appellants' claim that Attorney Sherman acted as more than a lawyer, the trial court held:

> There is no issue of fact that [Attorney] Sherman benefited personally in any way from the formation and registration of Premier LLC or participated in any way in the business of Premier LLC. The record before this court revealed that Anthony, at all times, was the sole member and held all interests in Premier LLC. The listing with the Pennsylvania Department of State, Corporations Bureau identifying Sherman as the president of Premier LLC was a technical error caused by the Pennsylvania Department of State not by [Attorney] Sherman. It

> was ultimately corrected by the Pennsylvania Department of State. There is no basis for Appellants' contention [Attorney] Sherman was the president of Premier LLC or was acting other than as a lawyer.

Trial Court Opinion, 11/5/14, at 10.

Appellants state, "At trial, [Appellees] may be able to establish by the relevant evidence that [Attorney] Sherman was not the President. But that remains a matter for trial, not the basis for an award of summary judgment." Appellants' Brief at 17. Appellants fail to acknowledge, however, that "[i]n response to a summary judgment motion, the nonmoving party cannot rest upon the pleadings, but rather must set forth specific facts demonstrating a genuine issue of material fact." **Bank of America, N.A. v. Gibson**, 102 A.3d 462, 464 (Pa. Super. 2014); Pa.R.C.P. 1035.3. Our review of the record reveals that Appellants have not set forth specific facts establishing that Attorney Sherman was the President of Premier LLC or that Attorney Sherman acted other than as a lawyer to satisfy their burden of demonstrating a genuine issue of material fact.

To the contrary, at her deposition, Zamsky testified that she was not aware of whether Premier LLC employed Attorney Sherman other than as a lawyer, and was not "aware of any relationship between [Attorney] Sherman and Dodge which would compel Premier [] LLC, to pay Sherman other than legal fees for work services he provided[.]" N.T., 3/14/13, at 29-30, 48-49. When questioned as to the basis for her belief that Attorney Sherman had an

ownership interest in Premier LLC, Zamsky responded, "Because he was listed as president on the state documents, and when he – it was brought to his attention, he never changed it for several years."  N.T., 1/25/13, at 155. Zamsky was also questioned whether she had "any support for a contention that [Attorney] Sherman was president or is president of Premier [] LLC other than the printout which [she] referenced from the Pennsylvania Department of State Corporation Bureau website[.]"  N.T., 1/25/13, at 187. Zamsky responded, "No."  **Id.**

Attorney Sherman presented a letter sent by the Pennsylvania Corporation Bureau that explained the Department of State's process for obtaining information and transmitting information regarding corporate entities into its records.  The letter explained,

> As indicated in your letter, the Department of State and the Department of Revenue provide information to each other as required by statute.  Title 15 Pa.C.S. § 134(b) requires the Department of State to transmit the information contained in the Docketing Statement to the Department of Revenue.  The information contained in the docketing statement consists of the entity name, the tax responsible party, the entity purpose and the effective date, if any.  This information is transmitted electronically to the Department of Revenue on a daily basis.
>
> Section 403 of the Tax Reform Code provides that a corporate tax report shall include such other information as the Department of Revenue may require.  Upon receipt of the report, the Department of Revenue shall promptly forward to the Department of State, the names of the president, vice-president, secretary and treasurer of the

corporation and the complete street address of the principal office of the corporation for inclusion in the records of the Department of State relating to corporation. 72 P.S. § 7403(a)(3).

Section 1110 of the Associations Code provides that the names of the officers and the address of "corporations for profit" as annually forwarded to the Department of State by the Department of Revenue are public information. The phrase "corporations for profit" as used in the Associations Code does not include limited liability companies, partnerships and other associations that are classified as corporations for Federal income tax purposes. **Furthermore, limited liability companies do not have the statutory officers of president, secretary and treasurer and may only have members, managing members and partners.**

In February 2010 a review of the above procedures discovered that when the Department of State provided the tax responsible party information contained in the docketing statement, the Department of Revenue inadvertently transmitted officer information on the limited liability companies, when in fact this was incorrect. Upon this realization, the Corporation Bureau had all officer information for limited liability companies deleted from the database on March 14, 2010. The Department of Revenue also made provisions so that this incorrect information was no longer forwarded to the Department of State. You indicated in your letter of August 8, 2011 that you were initially identified as the tax responsible party. However a search of the Corporation Bureau's website prior to March 14, 2010 incorrectly identified you as the president of Premier Platform Tennis, LLC. Our records now have been updated and you are no longer identified as the president.

Department of State Corporation Bureau Letter, 8/15/11, at 1-2 (emphasis

in original).

Appellants argue that the trial court misread the letter sent by the Corporation Bureau:

> The Court omits that the technical error in the view of the Corporation Bureau was a listing of any officer, and that the Corporation Bureau's [sic] ceased listing any and all officers. The Corporation Bureau did not state that Defendant Sherman was not the President of Premier LLC. Only that it would not list him or any other officer of any LLC.

Appellants' Brief at 17.

Although Appellants contend that the letter does not establish that Attorney Sherman was **not** the president, Appellants disregard their burden of providing some basis that Attorney Sherman **was** the president or had any other role in the company. Appellants failed to present any evidence that Attorney Sherman acted other than as a lawyer aside from the negative inference they drew from the letter issued by the Corporation Bureau.

Moreover, Zamsky admitted at her deposition that she was unaware of any documents submitted to the Department of State that reflected Attorney Sherman's involvement with Premier LLC. N.T., 1/25/13, at 195. The interest certificate of Premier LLC reflects that Anthony retained a 100% interest in Premier LLC. See Attorney Sherman's Motion for Summary Judgment, 8/30/13, Exhibit L (Interest Certificate). Moreover, in Premier LLC's Articles of Dissolution, Anthony is solely listed as a director and officer. *Id*. at Exhibit Q (Articles of Dissolution). Thus, based upon our review of the record, we conclude that Appellants have not presented any evidence to

establish a genuine issue of material fact that Attorney Sherman acted other than as a lawyer.

In their next nine issues on appeal, Appellants assert that "[t]here are numerous allegations set forth in the Complaint that do not relate to whether [Attorney Sherman] was president or not." Appellants' Brief at 12. Specifically, Appellants claim that Attorney Sherman acted in concert with Anthony and Dodge to commit several business torts including, conversion, unfair competition, tortious interference with business relations, unjust enrichment, accounting, and violating the Uniform Trade Secrets Act. The trial court addressed the Appellants' assertions, stating:

> These claims may best be described as torts which are contingent upon (1) the involvement of [Attorney] Sherman in the business operations of Premier LLC and/or (2) a personal stake or interest by [Attorney] Sherman in Premier LLC. The record before this court revealed no such personal interest in Premier LLC and was devoid of any evidence [Attorney] Sherman was involved in the actual business of Premier LLC. Rather, it is apparent that [Attorney] Sherman simply provided legal services to Anthony and Dodge, specifically regarding the formation and registration of Premier LLC.

Trial Court Opinion, 11/5/14, at 11.

We agree with the trial court's assessment. As we previously discussed, there is no evidence establishing that Attorney Sherman acted as anything other than a lawyer. The evidence presented establishes that Attorney Sherman provided legal services to Anthony and Dodge to form and

register Premier LLC. There is no evidence, however, that Attorney Sherman played any other role in the business activities of Premier LLC related to Appellants or otherwise after he assisted Anthony and Dodge with forming and registering the company. Thus, Appellants are unable to establish that Attorney Sherman participated in any activity or conspired with Anthony and Dodge to participate in any activity that would be detrimental to Appellants. Accordingly, Appellants failed to establish the existence of a genuine issue of material fact and are not entitled to relief on these nine issues.

Finally, in their last two issues on appeal, Appellants claim that the trial court erred in granting summary judgment because discovery had not yet been completed. Our review of the record reveals, however, that discovery had been completed. The record reflects that the discovery deadline was set for July 2, 2013. **See** Attorney Sherman's Memorandum of Law in Support of Motion for Sanctions and for Dismissal of Claims Against Sherman, 8/30/13, Exhibit H, at 1 (Letter to Delaware County Court of Common Pleas). On July 2, 2013, counsel for Attorney Sherman requested that the trial court approve a stipulation between Attorney Sherman and Appellants to permit specific discovery to occur and to extend the deadline for filing dispositive motions from August 1, 2013 to August 30, 2013. **Id**. The parties requested the trial court allow document review to occur on August 8, 2013 at Zamsky's home, a deposition of Richard K. House, the

- 16 -

individual who wrote the letter regarding the Pennsylvania Department of State records, and to permit the deposition of Zamsky, if needed following the document review. *Id.* at 2-3. On July 10, 2013, the trial court entered an order approving the stipulation. Order, 7/10/13. Attorney Sherman filed his motion for summary judgment on August 30, 2013, in accordance with the stipulation. There is nothing in the record to support Appellants' assertion that discovery had yet to be completed.

Moreover, Appellants fail to assert what more they could have gained from additional discovery that would be essential to its case. Appellants baldly assert that additional discovery would have permitted them to determine why Attorney Sherman received two payments from Dodge and Anthony, one for $1,500 and one in excess of $8,000. Appellants' Brief at 18, 20. Appellants do not identify any other evidence they sought to discover that would be essential to their case. Appellants argue, however, that the doctrine of spoilation applies to this case because Attorney Sherman claims that he "lost" all electronic files. *See* Appellants' Brief at 12, 20. Appellants specifically argue that "The grant of summary judgment permits [Attorney] Sherman to contend that all documents and records were 'lost' without consequence. A result that should not be permitted to stand under the Doctrine of Spoilation." *Id.* at 12. Appellants fail, however, to provide any discussion or citation to legal authority. It is well settled that "arguments which are not appropriately developed are waived." *Lackner v.*

***Glosser***, 892 A.2d 21, 29 (Pa. Super. 2006) (citing ***Jones v. Jones***, 878 A.2d 86, 90-91 (Pa. Super. 2005)). "Arguments not appropriately developed include those where the party has failed to city any authority in support of a contention." ***Lackner***, 892 A.2d at 29-30 (citing ***Korn v. Epstein***, 727 A.2d 1130, 1135 (Pa. Super. 1999)). Accordingly, we conclude that Appellants waived any argument regarding the doctrine of spoliation.

As Appellants failed to establish a genuine issue of material fact, we conclude that the trial court did not commit an error of law or abuse its discretion when it granted Attorney Sherman's motion for summary judgment.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/23/2015