**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| LALLY SPADY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ACME MARKETS AND FHG COMPANIES, LLC, D/B/A ABOUT TIME SNOW REMOVAL AND DEMASI LANDSCAPING | |
| Appellees | No. 1900 EDA 2016 |

Appeal from the Order Entered June 9, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 141001354

BEFORE:  MOULTON, J., RANSOM, J., and FITZGERALD, J.*

MEMORANDUM BY MOULTON, J.:                **FILED OCTOBER 10, 2017**

Lally Spady appeals from the June 9, 2016 order entered in the Philadelphia County Court of Common Pleas granting the motion for summary judgment filed by Acme Markets ("Acme"), FHG Companies, LLC D/B/A About Time Snow Removal ("FHG"), and DeMasi Landscaping ("DeMasi") (collectively, "Appellees").  We affirm.

On February 18, 2014, Spady slipped and fell on a mound of snow in the parking lot of an Acme supermarket in Philadelphia, resulting in injuries. The mound was located at the end of a row of parked cars.  Aside from

_____

* Former Justice specially assigned to the Superior Court.

mounds of snow at the end of each row of parked cars, all parking spaces and travel lanes in the lot were clear of snow and ice.

On March 12, 2015, Spady filed an amended complaint against Acme and FHG, alleging that their negligence caused his injuries. On July 30, 2015, FHG filed a joinder complaint against Demasi. On May 2, 2016, Appellees filed a motion for summary judgment, arguing that: (1) Spady was barred from recovery under the "choice of ways" doctrine; (2) Appellees had no duty to take precautions or warn of snow in the parking lot; and (3) Spady was barred from recovery due to his assumption of the risk by proceeding over the snow mound. Thereafter, on June 1, 2016, Spady filed a response to Appellees' motion. On June 9, 2016, the trial court granted the motion and entered summary judgment in Appellees' favor. Spady filed a timely notice of appeal.

Spady raises the following issue on appeal:

> Whether the trial court abused its discretion and otherwise committed an error of law when it improperly granted [Appellees'] Motion for Summary Judgment when a genuine issue of material fact exists as to [Spady]'s contributory negligence and [Appellees] owed a duty to Plaintiff to remove the dangerous condition or to warn him of the danger of the same?

Spady's Br. at 6 (trial court answer omitted).

Our scope and standard of review when reviewing a grant of summary judgment are well-settled:

> Our scope of review is plenary, and our standard of review is the same as that applied by the trial court. Our

Supreme Court has stated the applicable standard of review as follows: An appellate court may reverse the entry of a summary judgment only where it finds that the lower court erred in concluding that the matter presented no genuine issue as to any material fact and that it is clear that the moving party was entitled to a judgment as a matter of law. In making this assessment, we view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. As our inquiry involves solely questions of law, our review is *de novo*.

Thus, our responsibility as an appellate court is to determine whether the record either establishes that the material facts are undisputed or contains insufficient evidence of facts to make out a *prima facie* cause of action, such that there is no issue to be decided by the fact-finder. If there is evidence that would allow a fact-finder to render a verdict in favor of the non-moving party, then summary judgment should be denied.

*Reinoso v. Heritage Warminster SPE LLC*, 108 A.3d 80, 84 (Pa.Super.)

(quoting *Mull v. Ickes*, 994 A.2d 1137, 1139–40 (Pa.Super. 2010))

(alterations omitted), *app. denied*, 117 A.3d 298 (Pa. 2015).

The elements of a negligence action are well-settled: a plaintiff must establish "a duty or obligation recognized by law; breach of that duty by the defendant; causal connection between the defendant's breach of that duty and the resulting injury; and actual loss or damage suffered by the complainant." *Reilly v. Tiergarten Inc.*, 633 A.2d 208, 210 (Pa.Super. 1993). "The standard of care a possessor of land owes to one who enters upon the land depends upon whether the person entering is a trespassor, licensee, or invitee." *Carrender v. Fitterer*, 469 A.2d 120, 123 (Pa. 1983).

- 3 -

As a customer of the supermarket, Spady is properly classified as a business invitee. This Court has previously discussed the meaning of "invitee" as follows:

>  (1) An invitee is either a public invitee or a business visitor.
>
> (2) A public invitee is a person who is invited to enter or remain on land as a member of the public for a purpose for which the land is held open to the public.
>
> (3) A business visitor is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of land.
>
> . . .
>
> The duty of care owed to a business invitee (or business visitor) is the highest duty owed to any entrant upon land. The landowner must protect an invitee not only against known dangers, but also against those which might be discovered with reasonable care. Our case law sets forth the duty that a possessor of land owes to business invitees as follows:
>
>> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>>
>> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>>
>> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>>
>> (c) fails to exercise reasonable care to protect them against the danger.

*Gutteridge v. A.P. Green Servs., Inc.*, 804 A.2d 643, 655-56 (Pa.Super. 2002) (quotations and citations omitted).

Further:

> Under the doctrine of assumption of the risk, a defendant is relieved of its duty[1] to protect a plaintiff where the plaintiff has voluntarily and deliberately proceeded to face a known and obvious risk and therefore is considered to have assumed liability for his own injuries. . . . [T]he determination that the plaintiff has assumed the risk of his injuries such that recovery is prevented should occur only where it is beyond question that the plaintiff voluntarily and knowingly proceeded in the face of an obvious and dangerous condition.

*Barrett v. Fredavid Builders, Inc.*, 685 A.2d 129, 130-31 (Pa.Super. 1996). The assumption of the risk doctrine has two elements: "The risk must be perceived, and the risk must be faced voluntarily." *Id.* at 131.

---

[1] We analyze Spady's assumption of the risk in conjunction with Appellees' duty because

> [o]ur [S]upreme [C]ourt appears to have concluded that in a negligence action, the question whether a litigant has assumed the risk is a question of law as part of the court's duty analysis, and not a matter for jury determination. . . . [A]ssumption of risk is no longer an affirmative defense in most cases; rather, it is incorporated into an analysis of whether the defendant owes a duty to the plaintiff. . . . [T]he trial court is obligated to review the factual scenario and determine whether [u]nder those facts, . . . the defendant, as a matter of law, owed the plaintiff no duty of care.

*Staub v. Toy Factory, Inc.*, 749 A.2d 522, 526 (Pa.Super. 2000) (internal citations and quotations omitted).

Thus, "[b]efore . . . assumption of the risk will be applied to prevent recovery, the evidence must establish conclusively that the plaintiff was subjectively aware of the risk." *Id.* In *Barrett*, we discussed two Supreme Court cases involving the assumption of the risk. In *Carrender*,

> an invitee parked on the landowner's parking lot on a sheet of ice even though the rest of the parking lot had been cleared of snow and ice. The invitee wore a prosthesis, became aware of the ice before exiting her car, and also was aware that maneuvering on ice was especially difficult for her. She slipped and fell on the ice when re-entering her car and instituted the action against the landowner.

469 A.2d at 131. In *Howell v. Clyde*, 620 A.2d 1107 (Pa. 1993), "a licensee of the landowner was socializing with the landowner and asked to ignite a homemade fireworks cannon. He injured himself in the process." *Id.* In *Barrett*, we stated that

> the risks at issue [in *Carrender* and *Howell*] were dangerous, known, and obvious. Ice always is slippery, and a person walking on ice always runs the risk of slipping and falling. The plaintiff in *Carrender*[2]

_____

[2] In *Carrender*, our Supreme Court explained assumption of the risk as follows:

> When an invitee enters business premises, discovers dangerous conditions which are both obvious and avoidable, and nevertheless proceeds voluntarily to encounter them, the doctrine of assumption of risk operates merely as a counterpart to the possessor's lack of duty to protect the invitee from those risks. By voluntarily proceeding to encounter a known or obvious danger, the invitee is deemed to have agreed to accept the risk and to undertake to look out for himself. It is precisely because

*(Footnote Continued Next Page)*

admittedly saw the ice prior to stepping on it. Similarly, fireworks always explode, and a person always encounters a risk of injury from that explosion when he uses fireworks. Thus, the plaintiff in *Howell* knew the risk.

Furthermore, the plaintiffs in those cases proceeded to face the risks voluntarily. The plaintiff in *Carrender* could have parked in a non-icy area since the rest of the parking lot was free of ice. The plaintiff in *Howell* did not have to engage in the recreational activity of firing the cannon.

*Id.*

Here, the trial court stated that:

In his deposition, [Spady] was asked why he did not take the shortest, most direct and snow-free route to the store after he got out of the car but instead took a longer route toward a mound of snow in the next row of parked cars. Plaintiff explained that, in hindsight, he walked toward the handicapped parking sign in the next row of parked cars because he figured that "if anything is going to be clear, it's going to be that part." [Spady's Dep.] at 44. Plaintiff admitted that he did not really know what he was thinking that day or why he chose the longer, snow covered route rather than the shortest, most direct, snow free route to the store: "I don't know. I had tunnel vision. I just got out and kept straight and walked. That's the only thing I can tell you." *Id.* at 47.[3] Plaintiff

*(Footnote Continued)* ─────────────

the invitee assumes the risk of injury from obvious and avoidable dangers that the possessor owes the invitee no duty to take measures to alleviate those dangers. Thus, to say that the invitee assumed the risk of injury from a known and avoidable danger is simply another way of expressing the lack of any duty on the part of the possessor to protect the invitee against such dangers.

*Carrender*, 469 A.2d at 125.

[3] We note that elsewhere in its opinion, the trial court cites to page 44 of Spady's deposition transcript for this quote. *See* Opinion at 9.

> acknowledged that the parking lot was clear of snow and ice other than a mound of snow at the end of each row of parked cars. ***Id.***

Opinion, 9/9/16, at 2-3.[4]

Pursuant to the above evidence, we agree with the trial court's conclusion that Appellees did not owe Spady a duty of care. The mound of snow was an obvious and avoidable risk, as snow and ice is always slippery and a person walking over snow and ice always risks slipping and falling. Additionally, Spady chose to face the risk voluntarily. Since the rest of the parking lot was clear of snow and ice, Spady could have taken a more direct route to the supermarket that did not take him over the snow mound, but he chose not to do so. Accordingly, because Appellees did not owe Spady a duty of care, there is no genuine issue of material fact and Appellees are entitled to judgment as a matter of law. Thus, the trial court properly granted summary judgment in Appellees' favor.

Order affirmed.

---

[4] The transcript of Spady's deposition was not included in the certified record. However, because no party disputes the trial court's characterization of Spady's deposition, we review the trial court's order based on its version of Spady's deposition testimony.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/10/2017